

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2002

# Eastern Minerals v. Mahan

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3833

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Eastern Minerals v. Mahan" (2002). *2002 Decisions.* Paper 736.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/736

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  01-3833
_____

EASTERN MINERALS & CHEMICALS CO.; CARY W. AHL, SR.

v.

GARY A. MAHAN

(MD. DC. 97-cv-01941)


EASTERN MINERALS & CHEMICALS CO; CARY W. AHL, SR.

v.

GARY A. MAHAN

(MD DC. 99-cv-00366)


EASTERN MINERALS & CHEMICALS CO.; CARY W. AHL, SR.

v.

MILLINGTON QUARRY, INC.; GUY T. CARULLI; EDWARD W. AHART

(MD. DC. 99-cv-00601)


Eastern Minerals & Chemicals Co.,
Cary W. Ahl, Sr.,

Appellants

(Caption  Amended  Per  Clerk's  Order  of  2/6/02)


Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 99-cv-00601)
District Judge: Honorable William W. Caldwell
_____

Argued on October 18, 2002

Before: ROTH, GREENBERG, Circuit Judges
and WARD* District Judge

(Opinion filed November 15, 2002 )


Dale E. Lapp, Esquire (Argued)
Lapp & Pontz, LLP

255 Butler Ave., Suite 101
Lancaster, PA 17601

       COUNSEL FOR APPELLANTS

James J. Kutz, Esquire (Argued)
Barbara A. Zemlock, Esquire
Duan Morris LLP
305 North Front Street, 5th Floor
Harrisburg, PA 17101

Kathleen Misturak-Gingrich, Esquire
Eckert, Seamans Cherin & Mellott, LLC
Market Street, 8th Floor
Harrisburg, PA 17101

       * Honorable Robert J. Ward, District Court Judge for the Southern District of New York, sitting by designation

Robert E. Kelly, Jr., Esquire
Commerce Towers, 10th Floor
300 North Second Street
Harrisburg, PA 17101

       COUNSEL FOR APPELLEES

                    O P I N I O N

ROTH, Circuit Judge:
       Plaintiffs Eastern Minerals & Chemical Co. and its president, Cary W. Ahl, Sr., appeal from the District Court's dismissal of their claims against all defendants in these consolidated actions and from the District Court's denial of their motion for reconsideration. The claims were dismissed pursuant to either Fed. R. Civ. P. Rule 12(b)(6) or Rule 56. We have appellate jurisdiction from a final order of judgment pursuant to 28 U.S.C. 1291. Our review of the District Court's dismissal pursuant to Rules 12(b)(6) and 56 is plenary. See Ditri v. Coldwell Banker Residential Affiliates, Inc., 954 F.2d 869, 871 (3d Cir. 1992); Pub. Interest Research Group of N.J. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 71 (3d Cir. 1990). The standard of review for decisions denying motions for reconsideration is abuse of discretion. See Max's Seafood Caf v. Quineros, 176 F.3d 669, 673 (3d Cir. 1999). The facts of this case are well known by the parties and, therefore, will not be repeated here.
       In granting summary judgment on plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1961 et seq., the District Court found that plaintiffs failed to raise a genuine issue of material fact that defendants committed the RICO predicate acts of fraud. In ruling on the alter ego claim, the court found that plaintiffs failed to demonstrate that piercing the corporate veil was necessary to avoid fraud, illegality, or injustice.
       We agree that plaintiffs did not raise a genuine issue of material fact that the December 9, 1993, letter "knowingly misstates the speaker's true state of mind when made," Nat'l Data Payment Sys., Inc. v. Meridian Bank, 212 F.3d 849, 858 (3d Cir. 2000); that defendants' intent in giving Millington Quarry, Inc. a security interest in the assets of Delta Carbonate, Inc., which was assigned to Chemical Bank, was to defraud Delta's creditors rather than to extend the repayment terms of a loan from Chemical Bank; or that defendants overstated Chemical Bank's security interest during the bankruptcy proceedings. At most, the evidence shows that Delta's attorney took a legal position that

is arguably inconsistent with a statement made by Delta prior to the bankruptcy, and then conceded the point when a creditor challenged the position.

Nor did the District Court abuse its discretion in denying plaintiffs' motion for reconsideration based on documents that plaintiffs had in their possession before the summary judgment motion, but which they did not submit in opposition to defendants' summary judgment motion because plaintiffs believed that defendants had not met their initial burden of production.  The 112 paragraph statement of undisputed facts and the extensive excerpts from depositions, affidavits, and documents that defendants submitted in support of their motion were more than sufficient to satisfy their initial burden of identifying those portions of the record that they believed demonstrated the absence of a genuine issue of material fact under Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  The statement and its supporting documents went beyond "conclusory assertion that the plaintiff has no evidence to prove his case."  Id. at 328 (White, J. concurring).  Therefore, reconsideration is not required to prevent manifest injustice because plaintiffs' unreasonable claim that defendants did not meet their initial burden of production does not excuse their failure to submit the documents in response to the summary judgment motion.

For the reasons stated above, we will affirm the District Court.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


/s/ Jane R. Roth
Circuit Judge